# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Mark Filip | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 5268 | **DATE** | 10/13/2004 |
| **CASE TITLE** | Rigoberto Cortes vs. Midway Games, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   Plaintiff's Emergency Motion to Remand Case to State Court [D.E. 3] is denied. Defendant's Motion to Dismiss for Failure to State a Claim [D.E. 7] is granted in part and denied in part. Plaintiff's case is dismissed without prejudice, as explained further in the attached memorandum opinion and order.

*Mark Filip*

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | number of notices | | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | OCT 15 2004 | | |
| X | Docketing to mail notices. | date docketed | | |
| | Mail AO 450 form. | | docketing deputy initials | 10 |
| | Copy to judge/magistrate judge. | | | |
| | courtroom deputy's initials | CLERK, U.S. DISTRICT COURT  2004 OCT 14  AM 11:19 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| RIGOBERTO CORTES, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 04 C 5268 |
| | ) | |
| v. | ) | Judge Mark Filip |
| | ) | |
| MIDWAY GAMES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

DOCKETED

OCT 15 2004

MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S EMERGENCY
MOTION TO REMAND TO STATE COURT AND DISMISSING PLAINTIFF'S
COMPLAINT WITHOUT PREJUDICE

Plaintiff filed suit against Defendant in Illinois state court alleging a state common law

theory of recovery. Defendant removed the case to this Court under 28 U.S.C. §§ 1441 & 1446

on grounds that Plaintiff's claim is completely preempted by the Employee Retirement Income

Security Act of 1974, as amended, 29 U.S.C. § 1002, *et seq.* ("ERISA"). On August 16, 2004,

Plaintiff filed an emergency motion to remand the case to state court. On September 14, 2004,

Defendant moved to dismiss Plaintiff's complaint with prejudice for failure to state a claim. For

the reasons stated below, Plaintiff's motion to remand the case to the Illinois courts is denied.

Defendant's motion to dismiss the case is granted in part: the complaint is dismissed without

prejudice and Plaintiff may attempt to replead his case, as explained further herein.

BACKGROUND

On January 22, 2004, Plaintiff filed an action against Defendant in the Northern District

of Illinois, and that case, civil action number 04 C 0510, was assigned to Judge Marovich. In

that suit, Plaintiff alleged that he was employed by and received his medical insurance through

*10*

Defendant and that Defendant improperly changed medical insurance carriers in September 2003 with the result that Plaintiff and his family received lesser benefits. (D.E. 1 in 04 C 0510, ¶¶ 4-12.) More specifically, Plaintiff alleged that while the original terms of his employer-sponsored health plan (a Blue Cross/Blue Shield Plan) provided 112 hours/week of in-home health care from a registered nurse for the entire year, under the current terms of a new employer-sponsored health plan (a United Health Care Plan), Plaintiff receives coverage for only 16 hours/day of such nursing care for 120 days a year. (*Id.*, ¶¶ 7-9.) Put differently, the Blue Cross/Blue Shield plan previously provided by Plaintiff's employer had 112 hours/week of home nursing care for the entire year, whereas the new United Health Care plan provides 112 hours/week of home nursing care for roughly 17 weeks/year. This benefits change seriously impacts Plaintiff and his family because Plaintiff's son has spinal muscular atrophy, which is a severe, chronic medical condition that requires Plaintiff's son to be constantly monitored on a home ventilator. (*Id.*, ¶¶ 6, 13-14.)

In case number 04 C 0510, Plaintiff asserted causes of action under 28 U.S.C. § 1983 and for breach of fiduciary duty under common law. In the Section 1983 claim, Plaintiff claimed that Defendant, his employer, deprived Plaintiff of "civil rights and privileges to which he is entitled" "[b]y refusing to provide Plaintiff and his family with the same medical insurance coverage they had received and relied upon for many months." (*Id.*, ¶ 17.) In his fiduciary duty claim, which was not specified in the complaint as being advanced under any particular law, Plaintiff alleged that "[a]s Plaintiff's employer, Defendant owed Plaintiff a fiduciary duty of good faith and due diligence in obtaining adequate insurance for the Plaintiff and his family," and that "Defendant breached this fiduciary duty by failing to obtain and provide medical insurance which provides and pays for home health care from a registered nurse for 112 hours per week for the entire year

instead of for just 120 days." (*Id.*, ¶¶ 19-20.[1]) Defendant moved to dismiss for failure to state a claim and for lack of subject matter jurisdiction. (D.E. 6 in 04 C 0510 at 1-3.) In Defendant's reply brief in support of its motion to dismiss, Defendant stated that

> The dearth of caselaw specifically holding that an employer does not have a state-law (or federal common law) duty to obtain "adequate insurance," much less "provide medical insurance which provides and pays for home health care from a registered nurse for 112 hours per week for the entire year instead of for just 120 days," (Compl. at ¶¶ 19-20), is readily understandable in light of the express preemption of such a claim by the Employee Retirement Income Security Act of 1974. *See* 29 U.S.C. § 1144(a). As noted in Midway's moving papers, Mr. Cortes' attempt to foment other claims must be based on the readily apparent fact that there is no basis to suggest any violation of ERISA.

(D.E. 10 in 04 C 0510 at 7 n.4.) On July 15, 2004, Judge Marovich granted Defendant's motion to dismiss on the basis that Plaintiff had not established subject matter jurisdiction. (D.E. 11 in 04 C 0510 at 4, 6.)

On July 29, 2004, Plaintiff filed suit against Defendant in Illinois state court, alleging essentially the same underlying facts as he did in case number 04 C 0510, but this time asserting a fiduciary duty claim under Illinois common law. (D.E. 1, Exhibit A, ¶¶ 15-16.) Plaintiff alleges that "[a]s Plaintiff's employer, Defendant owed Plaintiff a fiduciary duty of good faith and due diligence in obtaining adequate insurance for the Plaintiff and his family which provided the same or similar coverage to the coverage previously provided and upon which the Plaintiff and his family had become dependent." (*Id.*, Ex. A, ¶ 15.) As relief, Plaintiff has requested the "entry of preliminary and permanent injunctions requiring Defendant to provide Plaintiff with a medical insurance plan that provides coverage for his son for 112 hours per week of in home

---

[1] During briefing before Judge Marovich, Plaintiff suggested that his fiduciary duty claim could be advanced under federal common law. (*See* D.E. 7 in Case No. 04 C 0510, at 2.)

3

health care from a registered nurse for the entire year. In the alternative, Plaintiff prays that Defendant be ordered to obtain at its own expense home health care from a registered nurse for 112 hours per week for the entire year." (*Id.* at 3-4.) On August 10, 2004, Defendant removed Plaintiff's state action to this Court under 28 U.S.C. §§ 1441 & 1446 on grounds that Plaintiff's claim is completely preempted by ERISA. (D.E. 1 at 1-2.) On August 16, 2004, Plaintiff filed an emergency motion to remand this case to state court. (D.E. 3.)

The parties proceeded to brief both the remand motion and a related motion to dismiss filed by Defendant, in which Defendant argues that Plaintiff's complaint should be dismissed with prejudice for failure to state a claim. Briefing on the motion to dismiss was completed on October 5, 2004. Plaintiff has requested an expedited ruling in the case, and this opinion resolves both of those pending motions.

As explained further below, despite Plaintiff's best efforts and the obvious emotional appeal of Plaintiff's situation, precedent instructs that Plaintiff's state law fiduciary duty claim—by which Plaintiff seeks an order "requiring Defendant to provide Plaintiff with a medical insurance plan that provides coverage for his son for 112 hours per week of in home health care from a registered nurse for the entire year" (D.E. 1. Ex. A, at 3-4)—is preempted under ERISA and was properly removed to federal court. In addition, because of the preemptive force of ERISA, Plaintiff's state law fiduciary duty claim cannot survive as currently pleaded. Accordingly, Plaintiff's complaint is dismissed without prejudice. Because it is at least possible, as discussed further below, for Plaintiff potentially to succeed under other recognized ERISA theories, Defendant's request that the case be dismissed with prejudice is denied. Plaintiff may, if he chooses, attempt to replead.

4

DISCUSSION

I.    Plaintiff's Motion to Remand the Case to the Illinois Courts Is Denied.

Plaintiff argues that this case should be remanded to state court because (1) no federal

question appears on the face of the complaint, (2) complete preemption does not exist here

because ERISA does not provide a remedy for claims like the one asserted by Plaintiff, and (3)

ERISA is irrelevant to cases like this, where Plaintiff is not suing for benefits allowed under the

current terms of his medical insurance plan, but is instead alleging that his employer "fail[ed] to

obtain a new medical insurance policy which provided the same benefits that were provided to

the Plaintiff under a previous policy." (D.E. 6 at 3; *see also* D.E. 3 at 3-4.)  The Court

respectfully disagrees.

A.    Complete Preemption Under ERISA

Under what is known as the well-pleaded complaint rule, "a defendant may not

[generally] remove a case to federal court unless the *plaintiff's* complaint establishes that the case

'arises under' federal law." *Aetna Health Inc. v. Davila*, 124 S.Ct. 2488, 2495 (2004) (quoting

*Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 10 (1983))

(brackets and emphasis in *Aetna Health Inc.*).  However, "[t]here is an exception . . . to the well-

pleaded complaint rule. '[W]hen a federal statute wholly displaces the state-law cause of action

through complete pre-emption,' the state claim can be removed." *Aetna Health*, 124 S.Ct. at

2495 (quoting *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 8 (2003)); *see also Jass v.

Prudential Health Care Plan, Inc.*, 88 F.3d 1482, 1488 (7th Cir. 1996) (discussing ERISA

preemption and stating that "a federal court may, in some situations, look beyond the face of the

complaint to determine whether a plaintiff has artfully pleaded his suit so as to couch a federal

5

claim in terms of state law") (internal quotation omitted). As explained by the Supreme Court, when a "federal statute completely pre-empts the state-law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law. ERISA is one of these statutes." *Aetna Health*, 124 S.Ct. at 2495 (internal quotation and citation omitted); *accord, e.g., Klassy v. Physicians Plus Ins. Co.*, 371 F.3d 952, 957 (7th Cir. 2004) (affirming removal of case from state court and stating that "ERISA provides a remedy for plan participants wrongfully denied benefits. However, such claims must be brought under ERISA and creatively pleading a denial of benefits claim as a state law claim does not defeat the broad preemptive force of ERISA")

Furthermore, "the availability of a federal remedy is not a prerequisite for federal preemption." *Lister v. Stark*, 890 F.2d 941, 946 (7th Cir. 1989) (affirming removal and stating, "The Supreme Court has specifically rejected such an argument. 'The policy choices reflected in the inclusion of certain remedies and the exclusion of others under the federal scheme would be completely undermined if ERISA-plan participants and beneficiaries were free to obtain remedies under state law that Congress rejected in ERISA'") (quoting *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 54 (1987)); *accord, e.g., Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 64-65 (1987) (quoting same language in *Pilot Life* and finding removal proper under complete preemption doctrine); *Rogers v. Tyson Foods, Inc.*, 308 F.3d 785, 789 (7th Cir. 2002) ("[C]omplete preemption can exist even where a particular plaintiff seeks a remedy that Congress chose not to provide when it effected complete preemption."[2]); *Thomason v. Aetna Life Ins. Co.*, 9 F.3d 645,

---

[2] In *Rogers,* the Seventh Circuit found that the plaintiffs' claims, relating to alleged consumer fraud in the sale of chicken products, were not preempted by the federal Poultry

646-47 (7th Cir. 1993); *Pohl v. Nat'l Benefits Consultants, Inc.*, 956 F.2d 126, 128 (7th Cir. 1992).[3] Thus, ERISA may preempt Plaintiff's claim and provide a basis for federal jurisdiction despite the fact that, on its face, his complaint does not raise a federal question and regardless of whether ERISA provides an avenue on which Plaintiff can ultimately prevail on his claim.[4]

---

Products Inspection Act where the Act did not allow a plaintiff to sue under a private right of action. *See, e.g., id.* at 788 ("Most circuits share our view that the existence of a private right of action under federal law is an antecedent of complete preemption.") (collecting cases). In so ruling, the Seventh Circuit distinguished ERISA, which "does create a private right of action," *id.* at 789, and discussed the Seventh Circuit's decision in *Lister v. Stark, supra*, which held that ERISA "completely preempted the plaintiff's state law claims, and that the plaintiff failed to state a claim under the civil enforcement provisions of ERISA." *Rogers*, 308 F.3d at 789 (discussing *Lister*). *Rogers* explained that complete preemption can exist where a particular plaintiff seeks a remedy that Congress did not provide within the private right of action available to that plaintiff, because "'[t]he policy choices reflected in the inclusion of certain remedies and the exclusion of others under the federal scheme would be completely undermined if ERISA-plan participants and beneficiaries were free to obtain remedies under state law that Congress rejected in ERISA.'" *Id.* (quoting *Pilot Life*, 481 U.S. at 54).

[3] In his initial brief, Plaintiff stated that "ERISA deals only with claims between the insured and the insurer. It does not cover claims such as we have here between an employee and an employer." (D.E. 3 at 3 (internal citation omitted).) To the extent Plaintiff is contending that ERISA does not provide any potential remedies for employers against their employees, Plaintiff is clearly incorrect. *See, e.g., Varity Corp. v. Howe*, 516 U.S. 489, 514-15 (1996) (holding that employer was liable under ERISA for breaching its fiduciary duties to its employees); *Vallone v. CNA Fin. Corp.*, 375 F.3d 623, 626 (7th Cir. 2004) (affirming dismissal on summary judgment for company concerning claims of wrongful denial of healthcare benefits, breach of contract, estoppel, and breach of fiduciary duty by former employee-retirees against employer after company reduced retiree healthcare benefits that plaintiffs claimed were part of a "lifetime" healthcare promise); *Franklin v. QHG of Gadsden, Inc.*, 127 F.3d 1024, 1028-29 (11th Cir. 1997) (finding removal proper and plaintiff's claim completely preempted under ERISA, where plaintiff sued her employer for alleged breach of promise that employer would not reduce permanent 24-hour nursing-care benefits available to care for plaintiff's severely disabled husband). Insofar as Plaintiff asserts that ERISA does not provide a remedy upon which Plaintiff can successfully prevail for the actions Plaintiff has sued upon in this particular case, that in itself does not preclude complete preemption, as noted above.

[4] The Court takes no position at this time regarding whether ERISA may ultimately provide a remedy for Plaintiff's claim as alleged in any amended complaint.

In his remand papers, Plaintiff appears to contend that his case involves a novel situation and asserts that there is no ERISA precedent "where a federal court exercised jurisdiction over a claim similar to the one brought by the Plaintiff." (D.E. 6 at 3.) However, a review of the precedent of the Seventh Circuit and its sister circuits reveals substantial guidance to illuminate the situation here.

For example, in *Vallone v. CNA Financial Corp.*, 375 F.3d 623 (7th Cir. 2004), the Seventh Circuit recently canvassed precedent concerning ERISA Section 502(a) and complete preemption and stated:

> [W]e note that claims by a beneficiary for wrongful denial of benefits (no matter how they are styled) have been held by the Supreme Court to 'fall[ ] directly under § 502(a)(1)(B) of ERISA, which provides an exclusive federal cause of action for resolving such disputes.' *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 62-63 (1987). Recent decisions of both this Circuit and the Supreme Court have held that state law claims, such as the plaintiffs' breach of common law contract claim here, are pre-empted by ERISA. *See Aetna Health Inc. v. Davila*, [. . .] [124 S.Ct. 2488, 2499-2500 (2004)] ("Congress' intent to make the ERISA civil enforcement mechanism exclusive would be undermined if state causes of action that supplement the ERISA § 502(a) remedies were permitted, even if the elements of the state cause of action did not precisely duplicate the elements of an ERISA claim.").

*Id.*, at 638-39.

In addition, the Seventh Circuit has taught that three factors are relevant for determining whether a claim is completely preempted by ERISA: (1) whether the plaintiff is eligible to bring a claim under ERISA, 29 U.S.C. § 1132 (a/k/a "§ 502(a)"), (2) "whether the plaintiff's cause of action falls within the scope of an ERISA provision that the plaintiff can enforce via § 502(a), and (3) whether the plaintiff's state law claim cannot be resolved without an interpretation of the contract governed by federal law." *Klassy v. Physicians Plus Ins. Co.*, 371 F.3d 952, 955 (7th Cir. 2004) (internal quotations and citation omitted). The Court finds that all three factors

8

support the conclusion that Plaintiff's claim is completely preempted by ERISA.

First, as an employee participant in Defendant's employer-sponsored welfare benefits plan, Plaintiff is entitled to bring a claim under § 502(a). *See* 29 U.S.C. § 1132(a)(1); 29 U.S.C. § 1132(a)(3). Second, the basis of Plaintiff's claim is that Defendant "fail[ed] to obtain a new medical insurance policy which provided the same benefits that were provided to the Plaintiff under a previous policy," (D.E. 6 at 3), and Plaintiff is requesting that the Court require Defendant "to provide Plaintiff with a medical insurance plan that provides coverage for his son for 112 hours per week of in home health care from a registered nurse for the entire year" or, alternatively, "that Defendant be ordered to obtain at its own expense home health care from a registered nurse for 112 hours per week for the entire year." (D.E. 1, Ex. A, at 3-4.) Thus, inasmuch as Plaintiff is seeking to obtain ERISA healthcare benefits that were provided under the original terms of his ERISA-covered plan but are no longer covered under the current ERISA-covered plan, Plaintiff's claim is properly characterized as one under § 502 for a denial of benefits and/or an enforcement of rights pursuant to the original terms of Defendant's plan.[5]

---

[5] In *Beeler v. Western Southern Life Ins. Co.*, 247 F. Supp. 2d 913 (S.D. Ohio 2002), where "the principal argument [the plaintiff made] is not that Western denied him benefits in contravention of any ERISA plan terminology, but that it should not have been allowed to change that terminology in the first instance," the court construed the plaintiff's claim, for purposes of deciding the defendant's motion for summary judgment (after deciding that the claim was completely preempted), "as a claim [under Section 502(a)(1)(B)] to enforce his rights pursuant to the terms of the Beneflex plan as originally conceived, and not one to recover benefits wrongly denied him." *Beeler*, 247 F. Supp. 2d at 921 n.5; *see also id.* at 920. However, in the complete preemption analysis, this Court need not decide which specific provision (or provisions) of § 502(a) are available to Plaintiff. Plaintiff is free, if he chooses to attempt to replead, to invoke as many of the subsections of Section 502 as he believes are applicable. Furthermore, ERISA has a specific provision providing for breach of fiduciary duty claims (29 U.S.C. § 1104), which is at least potentially available; however, as explained further below, a claim under that section seems unlikely to succeed given that the definition of ERISA fiduciary activity does not include

Finally, resolution of Plaintiff's claim would necessarily implicate interpretation of the plan (both its original and current terms) because, as noted above, the essence of Plaintiff's claim is that Defendant should have obtained an insurance policy that provided Plaintiff with the "same or similar" coverage terms as were provided under the original version of Defendant's plan. (D.E. 1, Ex. A, ¶ 15.)[6]

In addition, contrary to Plaintiff's contentions, there is federal precedent arising in a similar factual setting in which a federal court found a putative state law claim completely preempted under ERISA and removal from state court proper. Such a finding—*i.e.*, that Section 502(a) preemption applies such that removal is proper—also comports with the more general

_____

decisions by employers to establish, amend, or terminate welfare benefits plans such as the health insurance benefit plans at issue in this case.

[6] Moreover, if Plaintiff were to prevail, the Court necessarily would be called upon to interpret the provisions of an ERISA plan because assessment of whether any new plan provided "same or similar" coverage would require interpretation of the plans in question. *See Cent. States, Southeast and Southwest Areas Health and Welfare Fund v. Neurobehavioral Assocs.*, 53 F.3d 172, 174-75 (7th Cir. 1995) (rejecting notion that ERISA preemption is not appropriate in cases where minimal interpretation of plans will be required, and noting "the impracticality of requiring courts to predict, based solely on the pleadings, the level of ERISA interpretation warranted in any particular case") (citing *Kentucky Laborers Dist. Council Health and Welfare Fund v. Hope*, 861 F.2d 1003, 1005 (6th Cir. 1988)); *Pohl v. Nat'l Benefits Consultants, Inc.*, 956 F.2d 126, 128 (7th Cir. 1992) (stating "[i]t is true that the Pohls are not seeking to enlarge coverage as such; but any money they obtained from this suit would be functionally a benefit to which the written terms of the plan do not entitle them. This type of end run is regularly rebuffed"); *Franklin v. QHG of Gadsden, Inc.*, 127 F.3d 1024, 1027, 1029 (11th Cir. 1997) (rejecting plaintiff's contention that complete ERISA preemption was not required because plaintiff was not alleging that terms of new plan could provide relief but rather that plaintiff was defrauded concerning promise that coverage of old plan would be maintained). This is also true because even if Plaintiff were to prevail, such that Defendant would be required to provide the demanded "same or similar coverage" (D.E. 1, Ex. A, ¶ 15), there is no guarantee (indeed, it seems like a remote possibility) that United Health Care offers health plans with identical language concerning participant benefits as the former Blue Cross/Blue Shield plan that Plaintiff believes the law requires Defendant to provide.

teachings of the Seventh Circuit in this area. More specifically, as to the latter, in *Klassy*, the Seventh Circuit taught that through Section 502(a), "ERISA provides a remedy for plan participants wrongfully denied benefits. However, such claims must be brought under ERISA and creatively pleading a denial of benefits claim as a state law claim does not defeat the broad preemptive force of ERISA." *Id.*, 371 F.3d at 957; *accord, e.g., Thomason v. Aetna Life Ins. Co.*, 9 F.3d 645, 646 (7th Cir. 1993) (affirming removal from state court and stating that "'Federal preemption knocks out any effort to use state law, including state common law, to obtain benefits'" under an ERISA plan) (quoting *Pohl v. Nat'l Benefits Consultants, Inc.*, 956 F.2d 126, 127 (7th Cir. 1992) (internal punctuation omitted)).

In addition, other federal courts have held that ERISA completely preempted state law claims in factual settings quite similar to the one here. For example, in *Franklin v. QHG of Gadsen, Inc.*, 127 F.3d 1024 (11th Cir. 1997), the plaintiff sued her employer concerning the withdrawal of coverage for 24-hour home nursing care for plaintiff's husband.[7] The plaintiff alleged that her current employer specifically promised her, if plaintiff were to change jobs and come to work for the employer-defendant, that the employer-defendant would provide the same level of home nursing benefits for plaintiff's husband that plaintiff received from her prior employer and that the care would not be reduced. *Id.* at 1026-27. (Such benefits were essential

---

[7] *Franklin* involved a corporate successor as the defendant-employer at the time of the litigation; that change in corporate ownership was not material to the removal or ERISA preemption analysis and, for ease of reading, the Court does not complicate the explication of the case by discussing the change in corporate control of the *Franklin* employer-defendant. In addition, another plaintiff in Franklin was the husband of the plaintiff (*i.e.*, the husband who actually received the 24-hour nursing care), who died during the course of the litigation and was replaced by his wife as administratrix of his estate. Again, for ease of reading, the Court does not discuss the second plaintiff in the litigation.

to plaintiff because her husband was seriously impaired as a result of a series of strokes and other ailments and received 24-hour home nursing care under plaintiff's health care plan at her former job. *Id.*) Plaintiff filed suit in state court, alleging fraudulent inducement of plaintiff to leave her former employer, and various state law fraud, deceit, and misrepresentation theories related to defendant's alleged representation that it would not reduce the healthcare benefits available to plaintiff's husband under plaintiff's former health plan. *Id.* at 1027.

The plaintiff in *Franklin* argued that removal was improper because she was not seeking damages "for failure to provide benefits under an insurance policy, but rather, . . . [for] damages proximately caused by the fraud and suppression alleged in the complaint." *Id.* Plaintiff also alleged that ERISA could not apply because the alleged misrepresentations and tortious conduct took place before any contractual relationship existed between plaintiff and her employer "that could in any respect be governed by [ERISA]." *Id.* Plaintiff also asserted that she did not allege any violation of her current employer's ERISA plan document and did not seek relief pursuant to that plan document. *Id.*

The Eleventh Circuit held that the plaintiff's case was properly removed and that plaintiff's claims were completely preempted under ERISA. *Id.* at 1028. The Eleventh Circuit reasoned that "the gravamen of" plaintiff's case against her employer was that the employer

> modified its ERISA medical benefit plan to eliminate 24-hour home nursing care. Thus, a determination of the . . . [plaintiff's] state law claims will require a court to compare the benefits available under the ERISA plans provided by . . . [the defendant-employer and plaintiff's former employer]. Accordingly, . . . [plaintiff's] state law claims have a direct connection to the administration of medical benefits under an ERISA plan. We hold, therefore, that they are completely preempted. The district court did not err in denying the motion for a remand and in ordering summary judgment in favor of [defendant].

*Id.* at 1029. As in *Franklin,* Plaintiff's claim here is that (a) long-term nursing care should not be

reduced from the level provided in a former ERISA-plan (in *Franklin*, because of alleged express promise to that effect, and here because of an alleged fiduciary duty); and (b) the level of benefits allegedly owed Plaintiff are those provided (or at least the "same or similar" benefits provided (D.E. 6 at 3)) by a prior ERISA-covered plan.  In addition, both plaintiffs' claims (Plaintiff's and Ms. Franklin's) "have a direct connection to the administration of medical benefits under an ERISA plan." *Id.*, 127 F.3d at 1029.  As a result, *Franklin* provides strong support, from a similar factual context, for removal and complete preemption.  *Accord Beeler v. Western Southern Life Ins. Co.*, 247 F. Supp. 2d 913, 920-21 (S.D. Ohio 2002) (holding that ERISA completely preempted state law claim that employer was obligated to continue to provide certain long-term disability benefits that were available to individuals suffering from long-term mental and psychiatric conditions under the terms of the plan before it was modified); *id.* at 920 (stating that "it is evident that Beeler is seeking nothing more than the enforcement of his rights under the original terms of the Beneflex plan," and construing claim as an ERISA claim under Section 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B)); *Messmer v. Xerox Corp.*, 139 F. Supp. 2d 398, 401 n.1 (W.D. N.Y. 2001) (holding, where plaintiff asserted state law claims based on her employer's action of switching from a "Comprehensive Plan," which provided unlimited days of coverage for skilled nursing care, to a "Community Plan," which provided coverage for such care for 120 days a year with a 360-day lifetime cap, that "it is clear that plaintiff's claims do relate to an employee benefit plan and are preempted by ERISA"); *see also Klassy*, 371 F.3d at 957.

Plaintiff has not provided any case where a court held that a claim similar to his was not completely preempted by ERISA.  Instead, in the removal briefing, Plaintiff has cited multiple cases construing an employer's role and duties under state law when negotiating group insurance

plans with insurance agents. (D.E. 6 at 3-4.) Several of these cases—virtually all arising under Indiana law, which law bears no apparent connection to this case—predate ERISA and therefore are not instructive. (*See id.*) In addition, none of the cases Plaintiff offers (*see id.*) discusses the ERISA statute or ERISA preemption, much less rejects an ERISA-preemption argument.[8]

Because the factors the Seventh Circuit identified as relevant to the complete preemption analysis weigh in favor of preemption, because the Court has located factually analogous cases in which other federal courts have found similar claims completely preempted, and because neither Plaintiff nor the Court has located *any* cases in which ERISA complete preemption arguments were rejected in similar circumstances, the Court holds that removal on the grounds of complete preemption was appropriate.[9]

---

[8] In the only Seventh Circuit cite Plaintiff offers, *Sur v. Glidden-Durkee*, 681 F.2d 490 (7th Cir. 1982), the parties agreed that the case was "governed by Indiana law." *Id.* at 492 n.6. Plaintiff has not cited a single case in which a court rejected an ERISA-preemption argument and allowed a claim such as his to proceed forward in state court. (The parties do not dispute in this case that Defendant's health benefits are provided through an employee welfare plan subject to ERISA. (*See* 29 U.S.C. §§ 1002(1), 1003(a); *see also* D.E. 1, Ex. A, ¶¶ 4-5, 7-8).)

[9] Plaintiff contends that Defendant has taken inconsistent positions by first arguing in case 04 C 0510 that the Court did not have federal jurisdiction and then removing this case on grounds that Plaintiff's claims are completely preempted. (D.E. 6 at 1.) Although Plaintiff has not used the term "judicial estoppel," the Court notes that it would not be appropriate for the Court to judicially estop Defendant from asserting complete preemption because the positions Defendant has taken are not clearly inconsistent. *See Mungo v. Taylor*, 355 F.3d 969, 981 (7th Cir. 2004) ("Judicial estoppel is inapplicable here because, contrary to Taylor's suggestion, the position espoused by Mungo in this case is not clearly inconsistent with the testimony she gave in the underlying state court divorce proceeding.") (internal quotation omitted). Although Defendant took the position in case number 04 C 0510 that the court did not have subject matter jurisdiction (largely based on its assertion that there was no federal statutory or constitutional right to health benefits from an employer, and its related assertion that Defendant is not a state actor (D.E. 10 in 04 C 0510 at 3-7)), Defendant also included a passage in its brief which states that "[t]he dearth of caselaw specifically holding that an employer does not have a state-law (or federal common law) duty to obtain 'adequate insurance,' much less 'provide medical insurance which provides and pays for home health care from a registered nurse for 112 hours per week for

B.    Preemption Under Section 514(a) of ERISA.

Precedent teaches that if an action is preempted under § 502 of ERISA, then preemption also occurs under § 514 of ERISA. *See, e.g., Jass v. Prudential Health Care Plan, Inc.*, 88 F.3d 1482, 1491 (7th Cir. 1996); *Lister v. Stark*, 890 F.2d 941, 943-44 & n.1 (7th Cir. 1989).[10] This Court therefore is not required to analyze § 514 preemption to resolve the removal question or motion to dismiss. Nonetheless, the Court will separately discuss § 514 because the parties' briefing has drawn no distinction between the two types of ERISA preemption and also because the discussion may be helpful to Plaintiff if he chooses to expeditiously attempt to replead his claim. (Plaintiff stated that his current, broader home-nursing insurance coverage closes at the end of October 2004.)

Section 514(a) of ERISA precludes state law rules or regulations, including state court decisional rules (29 U.S.C. § 1144(c)), that "relate to any employee benefit plan" covered by ERISA. 29 U.S.C. § 1144(a). As explained, the fiduciary duty that Plaintiff would propose under Illinois law is that an employer is a fiduciary to each of its employees concerning the substantive provision of health insurance.[11] As a consequence, Plaintiff would propose that his

---

the entire year instead of for just 120 days,' (Compl. at ¶¶ 19-20), is readily understandable in light of the *express preemption of such a claim by the Employee Retirement Income Security Act of 1974.*" (D.E. 10 in 04 C 0510 at 7 n.4) (emphasis added). The Court further notes that, contrary to Plaintiff's suggestion, (D.E. 6 at 1-2), it is not inconsistent for Defendant to assert both complete preemption and the lack of a remedy given that, as noted above, the availability of a federal remedy on which Plaintiff can prevail is not a prerequisite to ERISA preemption.

[10]   Seventh Circuit precedent teaches that the opposite is not necessarily true—*i.e.*, where a claim is preempted under Section 514, it is not necessarily preempted under Section 502(a). *See, e.g., Lister v. Stark*, 890 F.3d 941, 943 n.1 (7th Cir. 1989).

[11]   Plaintiff has identified no case from Illinois (or any other jurisdiction) recognizing a fiduciary duty for an employer to provide such substantive health insurance coverage to its

15

employer owed him "a fiduciary duty of good faith and due diligence in obtaining adequate

insurance for the Plaintiff and his family." (D.E. 1, Ex A, ¶ 15.) Moreover, Plaintiff explains,

this putative fiduciary duty would effectively impose a one-way ratchet in each employee's favor

with respect to prior utilized coverage, and therefore would require Plaintiff's employer to

provide "the same or similar [healthcare] coverage to the coverage previously provided and upon

which the Plaintiff and his family had become dependent." (*Id.*)

"Section 514(a) of ERISA, 29 U.S.C. § 1144(a), pre-empts 'any and all State laws insofar

as they may now or hereafter relate to any employee benefit plan' covered by ERISA." *Shaw v.

Delta Air Lines, Inc.*, 463 U.S. 85, 91 (1983). (There are certain exceptions to Section 514(a),

but neither party asserts that any is applicable here.) State decisional rules and court-made

doctrines are included in the statutory definition of "State law." *See* 29 U.S.C. § 1144(c);

*accord, e.g., Land v. Chicago Truck Drivers, Helpers and Warehouse Workers Union

(Independent) Health and Welfare Fund*, 25 F.3d 509, 512 n.6 (7th Cir. 1994) (collecting

authorities).

In *Shaw*, the Supreme Court explained that a state law "'relates to' an employee benefit

plan, in the normal sense of the phrase, if it has a connection with or reference to such a plan."

463 U.S. at 97. In *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41 (1987), the Supreme Court

emphasized that "the express pre-emption provisions of ERISA are deliberately expansive." *Id.*

at 45-46 (internal quotation and citation omitted). *Pilot Life* also canvassed the legislative

history to ERISA's preemption provisions, which the Supreme Court explained "'are intended to

_____

employees. However, Plaintiff would suggest such a duty under Illinois general fiduciary law.

preempt the field for Federal regulations, thus eliminating the threat of conflicting or inconsistent State and local regulation of employee benefit plans.'" *Id.* (quoting comments of Senator Williams, the Senate sponsor).

It is difficult to see how one could contest that Plaintiff's proposed fiduciary duty claim does not "relate to" an ERISA-covered employee health benefit plan established by Defendant. Plaintiff would claim that Defendant, as a matter of fiduciary duty, must maintain its new ERISA plan so as to include the same or similar healthcare coverage for Plaintiff that Defendant's old ERISA plan provided. That claim by Plaintiff certainly makes "reference to" to an ERISA plan. It also "has a connection with" one if not two such ERISA welfare benefits plans. As a consequence, Plaintiff's proposed state law fiduciary duty claim would seem to fall squarely within the reach of ERISA preemption. *Accord, e.g., Dranchak v. Akzo Nobel, Inc.*, 88 F.3d 457, 459 (7th Cir. 1996) ("Rules governing payment to participants from pension and welfare plans necessarily 'relate to' those plans.") (collecting Seventh Circuit precedent); *see also id.* ("Not only pension and welfare plans, but also contracts specifying levels of pension and welfare benefits, fall into the domain of federal law–for the plans themselves are just contracts.") (collecting Supreme Court and Seventh Circuit caselaw).

In *New York State Conf. of Blue Cross & Blue Shield Plans v. Travelers Ins. Co.*, 514 U.S. 645, 656 (1995), the Supreme Court taught that one should properly consider "the objectives of the ERISA statute" as a "guide" when interpreting the expansive and potentially vague preemptive term 'relates to' in the ERISA statute. Such consideration of these objectives also supports preemption in this case. In *Blue Cross & Blue Shield Plans*, the Supreme Court explained that

> in passing § 514(a), Congress intended 'to ensure that plans and plan sponsors would be subject to a uniform body of benefits law; the goal was to minimize the administrative and financial burden of complying with conflicting directives among States or between States and the Federal Government . . . [and to prevent] the potential for conflict in substantive law . . . requiring the tailoring of plans and employer conduct to the peculiarities of the law of each jurisdiction.'

*Id.* (quoting *Ingersoll-Rand Co. v. McClendon*, 498 U.S. 133, 484 (1984)) (brackets in *Blue Cross & Blue Shield*); *accord, e.g., Land*, 25 F.3d at 512, n.5.

Plaintiff's proposed fiduciary duty claim would contravene these Congressional objectives. First, as reflected by the fact that most of Plaintiff's cites are of Indiana cases and not Illinois cases, allowing beneficiaries to make proposed claims under the substantive fiduciary-duty law of fifty states would subject ERISA-plan sponsors to a serious risk of conflict in the substantive laws governing their plans, and would create the risk of requiring sponsors to tailor the structures of their ERISA welfare benefit plans to the particularities of the laws of many States. Plaintiff's proposed theory, in fact, would go even further, because at least as proposed it would impose an employee-specific fiduciary duty on each ERISA health plan sponsor (or at least those who had covered employees in Illinois). That duty would necessitate an employee-specific assessment of the health insurance benefits upon which each particular employee or employee's family had become dependent, and would then impose a one-way ratchet on the health insurance that thereafter could be offered to that employee and his or her family. Such a duty would create substantial administrative burdens on employer-sponsors, even if they did not (as many employers do) sponsor plans that sweep across multiple states. These dissimilarities would likely quickly become acute, because the fiduciary duty that Plaintiff would impose would create substantial incentives for any employer to dramatically reduce health care benefits now

and for any new employees that might be hired in the future, given that such benefits could easily

effectively become "vested" under Plaintiff's proposed approach to the employer's health

insurance obligations. That factor also contravenes ERISA policies repeatedly recognized by the

federal courts. *See Lockheed Corp. v. Spink*, 517 U.S. 882, 887 (1996) ("Nothing in ERISA

requires employers to establish employee benefit plans. Nor does ERISA mandate what kind of

benefits employers must provide if they chose to have such a plan.") (collecting cases); *Frahm v.*

*Equitable Life Assurance Society*, 137 F.3d 955, 962 (7th Cir. 1998) ("When setting and

changing the terms of a plan, the employer may act to promote its own interests, just as it may do

when setting wages. . . . [I]n the longer run, knowledge that plans may be changed encourages

employers to make better offers to their labor force. If employers knew that they were locked in,

they would be more conservative in making promises, to the potential detriment of the workers."

(collecting Seventh Circuit caselaw); *accord, e.g., Senn v. United Dominion Industries, Inc.*, 951

F.2d 806, 817 (7th Cir. 1992) (quoting *Musto v. Am. Gen'l Corp.*, 861 F.2d 897, 911-12 (6th Cir.

1988)).

      In arguing that ERISA-preemption does not apply, Plaintiff asserts that "ERISA is

irrelevant to the case at bar because this is not a dispute about coverage provided by an insurer

pursuant to the terms of a policy. . . . It is also about whether an employer, when it elects to

change insurers, has a legal obligation [under principles of fiduciary-duty law] to find a plan

similar to the one provided previously." (D.E. 6 at 4.) However, Plaintiff's own argument

reveals why ERISA preemption adheres under Section 514(a) to his state law action. Plaintiff's

argument is fundamentally predicated on the notion that an employer is a fiduciary when it

renews or alters health insurance benefits for employees. However, literally dozens of

precedential cases teach that, under ERISA, when an employer decides whether to establish a health insurance welfare benefits program, or whether to alter or terminate such a health benefits program, the employer is not acting in a fiduciary role. *See Fletcher v. Kroger*, 942 F.2d 1137, 1139 (7th Cir. 1991) ("When an employer decides to establish, amend, or terminate a benefits plan, as opposed to managing the assets of the plan and administering the plan in accordance with its terms, its actions are not to be judged by fiduciary standards.") (collecting cases); *accord, e.g., Frahm*, 137 F.3d at 961-62; *Senn*, 951 F.2d at 817 (7th Cir. 1992) (rejecting idea of employer having a fiduciary duty under ERISA to continue providing health benefits for retirees after expiration of a contract requiring such benefits, and stating "[t]here is a world of difference between administering a welfare plan in accordance with its terms and deciding what those terms are to be. A company acts as a fiduciary in performing the first task, but not the second") (collecting cases); *Young v. Standard Oil (Indiana)*, 849 F.2d 1039, 1045 (7th Cir. 1988) ("[A]n employer does not owe its employees a fiduciary duty when it amends or abolishes a severance benefits plan."). In addition, Seventh Circuit precedent, consistent with other circuits' precedent, also teaches that "neither Congress nor the courts are involved in either the decision to establish a plan or in the decision concerning which benefits a plan should provide. In particular, courts have no authority to decide which benefits employers must confer upon their employees; these are decisions which are more appropriately influenced by forces in the marketplace and, where appropriate, by federal legislation." *Senn*, 951 F.2d at 817 (quoting *Musto*, 861 F.2d at 911-12); *accord, e.g., Vallone v. CNA Fin. Corp.* 375 F.3d 623, 632 (7th Cir. 2004) ("[I]f ERISA welfare benefits vest at all, they do so under the terms of a particular contract") (internal quotation and citation omitted); *Johnson v. Georgia-Pacific Corp.*, 19 F.3d 1184, 1188 (7th Cir. 1994)

20

("Employers decide who receives [ERISA] pension benefits and in what amounts, select levels of funding, adjust myriad other details of pension plans, and may decide to terminate the plan altogether. In doing these things . . . they are no more the employees' 'fiduciaries' than when they decide what wages to offer or whether to close the plant and lay the workers off.") (collecting Seventh Circuit precedent).

This extensive body of precedent—recognizing that an employer's decision to establish, or amend, or even eliminate a welfare benefits plan for employees is not subject to fiduciary review—stems from the fact that under the ERISA statute, the employer or plan sponsor's act of plan design is not included within the definition of "fiduciary" activity. As the Supreme Court has explained, "[E]mployers or other plan sponsors are generally free under ERISA, for any reason at any time, to adopt, modify, or terminate welfare plans. When employers undertake those actions, they do not act as fiduciaries, but are analogous to the settlors of a trust, *see Johnson v. Georgia-Pacific Corp.*, 19 F.3d 1184, 1188 (C.A.7 1994). This rule is rooted in the text of ERISA's definition of fiduciary. *See* 29 U.S.C. § 1002(21)(A). [. . . .] Because the defined functions in the definition of fiduciary do not include plan design, an employer may decide to amend an employee benefit plan without being subject to fiduciary review." *Lockheed Corp. v. Spink*, 517 U.S. 882, 890 (1996) (various internal punctuation and citations omitted); *accord, e.g., Johnson*, 19 F.3d 1188 ("One subject conspicuously missing from § 1002(21)(A) is the establishment and amendment of the plan itself."); *Land*, 25 F.3d at 514 (holding that questions relating to the level of welfare benefits available under an ERISA plan are resolved by reference to the written agreement that governs the plan, because the matter is a contractual issue between the parties). Put differently, the very premise of Plaintiff's suggested Illinois fiduciary

duty claim—*i.e.*, that his employer is acting as a fiduciary when it considers amending the

ERISA welfare benefits plan that previously afforded Plaintiff healthcare coverage—rests on a

direct conflict with the definition of "fiduciary" set forth in the ERISA statute. It is impossible

for this Court to see how such a conflict could survive preemption under Section 514(a) of

ERISA. *See, e.g., Lockheed Corp.*, 517 U.S. at 890.

The flexibility for employers to amend plans as they determine is appropriate and

necessary reflects a determination that if employers did not have such flexibility, there would be

substantial pressures for companies to decline to provide healthcare coverage at all, or to impose

the most stringent limits in the first instance on any coverage provided. *See, e.g., Frahm*, 137

F.3d at 962; *Senn*, 951 F.2d at 817 (quoting *Musto*, 861 F.2d at 911-12)). Again, Plaintiff's

proposed fiduciary duty claim would directly clash with this premise behind Congress's

definition of an ERISA fiduciary, and makes clear that Plaintiff's claim cannot be reconciled

with Section 514(a).

It goes without saying that Plaintiff's claim for healthcare coverage for his child is an

extremely sympathetic one. But it is a claim that cannot seem to be reconciled with the

preemptive provisions of ERISA. This claim appears to be clearly precluded.

II.     The Court Rejects Defendant's Request to Dismiss with Prejudice, and Dismisses
        Without Prejudice to Plaintiff's Ability to Attempt to Replead a Viable Claim.

Notwithstanding the clash between Plaintiff's claim as currently framed and ERISA

preemption law, Plaintiff is not necessarily precluded from advancing a winning claim in this

case. Although welfare benefits such as medical insurance are not subject to vesting or funding

requirements under ERISA, *see, e.g., Curtiss-Wright Corp. v. Schoonejonongen*, 514 U.S. 73, 78

(1995), precedent makes clear that a beneficiary may have a winning claim to benefits if the

benefits have been contractually promised to the beneficiary, such that the benefits indeed

became vested by virtue of the parties' agreement. *See, e.g., Senn v. United Dominion Industries,*

*Inc.*, 951 F.2d 806, 814-15 (7th Cir. 1992). Furthermore, Plaintiff may have a winning claim if

Defendant did not follow appropriate amendment procedures when it moved from its prior

healthcare plan to the present one, about which Plaintiff complains. *See, e.g., Dade v. Sherwin-*

*Williams Co.*, 128 F.3d 1135, 1143 (7th Cir. 1997); *Does v. Group Hospitalization & Med. Serv.*,

3 F.3d 80, 84 (4th Cir. 1993) ("Health care benefits provided in an employee benefit plan are not

vested benefits; the employer may modify or withdraw these benefits at any time, provided the

changes are made in compliance with . . . the terms of the plan.").

Plaintiff argues that his claim should not be dismissed, and cites a couple of additional

cases (in addition to re-offering others that were addressed above, such as the many pre-ERISA

cases from Indiana) which Plaintiff suggests support his cause. Neither of these additional cases,

however, changes the result concerning dismissal. Plaintiff first cites *Wayne Chemical, Inc. v.*

*Columbus Agency Serv. Corp.*, 426 F. Supp. 316 (N.D. Ind. 1977), in which, Plaintiff says, "the

7th Circuit has recognized . . . a federal right to maintain the same medical insurance coverage

which was previously provided." (D.E. 8 at 3.) The Court respectfully disagrees with this

reading. On appeal in *Wayne Chemical*, the Seventh Circuit substantially reversed the district

court's reasoning, and found that the particular insurance arrangement in that case was not

(unlike this one) an "employee benefit plan" within the meaning of ERISA, 29 U.S.C. § 1002.

*See Wayne Chemical, Inc. v. Columbus Agency Serv. Corp.*, 567 F.2d 692, 699 (7th Cir. 1977)

("We can perceive no plausible basis for treating insurance obtained for [plaintiff] Wayne . . . as

23

covered by ERISA . . . .).[12] As a result, *Wayne Chemical* certainly does not appear to stand for

the Seventh Circuit recognizing any "federal right" for an employee to always receive the same

level of healthcare benefits from his or her employer.

Plaintiff also cites *Sur v. Glidden-Durkee*, 681 F.2d 490 (7th Cir. 1982), in which

Plaintiff says the "7th Circuit has recognized that an employer acts as an agent of its employees

when obtaining medical insurance" and "not an agent of the . . . insurer." (D.E. 8 at 4-5). In *Sur*,

however, none of the analysis proceeded under ERISA, so the opinion does not apply to the

situation at hand. (ERISA is never mentioned in the opinion and the parties in the case agreed

that Indiana law applied, *see Sur*, 681 F.2d at 492 n.6.) Moreover, *Sur* is a case discussing

whether, under Indiana law, an employer securing group insurance for its employees is an agent

of the insurance company (in which case the insurance company could potentially be estopped by

---

[12] Although not cited in the remand briefing cycle, the district court decision in *Wayne Chemical* found that the case was properly removed from Indiana state court to federal court because the plaintiff's claims were completely preempted under ERISA Section 502(a). *Wayne Chemical, Inc. v. Columbus Agency Serv. Corp.*, 426 F. Supp. 316, 318 (N.D. Ind. 1977); *accord id.* at 321 (discussing, *inter alia*, legislative history of ERISA). The district court thereafter found that plaintiff was entitled to certain relief (on what largely was a misrepresentation theory against the insurance company, see *id.* at 323) as a matter of federal common law relating to the misrepresentations and the district court's willingness to adopt, as a matter of federal common law, rules from an Indiana statute concerning termination of certain insurance benefits, *see id.* at 323-35. (None of the "federal common law" issues was the subject of the Seventh Circuit's decision, which found that the Indiana statute at issue was not preempted under Section 514(a) of ERISA because the insurance arrangement did not fall within the definition of an "employee benefit plan" under ERISA. *See Wayne Chemical*, 567 F.2d at 697-98.) While Plaintiff is free to attempt to plead a federal common law claim in this case under ERISA, it is difficult to see how such a claim could succeed if it was predicated on imposing a definition of fiduciary activity on the part of Plaintiff's employer that directly conflicts with Congress's definition of fiduciary in the ERISA statute and the well-established principle that an employer acts in a settlor function when establishing or amending an ERISA welfare benefits plan in conformity with procedures set forth therein.

misstatements of the employer concerning coverage) or an agent of the employees, such that any

misstatements of the employer cannot be used to estop the insurer. *See id.* at 493.[13] Regardless

of how that issue is resolved (and Indiana law appears to hold that the employer's statements

cannot be attributed to the insurer), that says nothing about whether an employer has a fiduciary

duty (under Indiana law, much less under federal ERISA principles) to serve as a perpetual

guarantor of any level of healthcare benefits that it has provided and have been utilized by an

employee.

---

[13] Nor is Plaintiff's cause aided by citations to Indiana caselaw in *Sur* (to the extent Indiana law has any relevance at all). *Sur* states that under Indiana law, "an agent of an insured owes the insured a duty of good faith and due diligence in obtaining adequate insurance for him." *Id.* at 493 (citing *Bulla v. Donahue*, 366 N.E.2d 233, 236 (Ind. App. 1977)). A review of *Bulla*, however, reveals that it deals with a situation where an automobile insurer, through an agent, told the putative insured that it would place a particular automobile insurance policy for the customer and then simply elected not to proceed without informing the putative insured, giving rise to liability for breach of contract and negligence. *Id.* at 235-36. The factual scenario and situation in *Bulla* has nothing to do with the instant case (and nothing to do with ERISA welfare benefits either). *Sur* also cites *Sims Motor Transport Lines, Inc. v. Davis*, 130 N.E.2d 82 (Ind. App. 1955), a pre-ERISA case which held that when an employer deducted money from the paycheck of an "independent contractor" retained by him, ostensibly to provide for life insurance, the employer could be liable for breach of contract after it simply retained the money. *Id.* at 84. Again to the extent pre-ERISA Indiana law has any relevance to this case, *Sims* does not support the contention that Plaintiff's employer has a fiduciary duty to maintain the provision of any particular level of health insurance benefits to Plaintiff.

III.    Conclusion

Despite Plaintiff's best efforts, and despite the obvious emotional appeal of Plaintiff's situation, Plaintiff's case as currently pleaded cannot survive the preemptive force of ERISA. It appears clear to the Court that precedent directs that Plaintiff's claim, at least as presently formulated, is precluded under ERISA preemption principles. Plaintiff's case is dismissed without prejudice to his right to attempt to replead his cause of action within the dictates of ERISA law.

Date: 10/13/0 4

_____
Mark Filip
United States District Judge
Northern District of Illinois